[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This limited contested case claiming a dissolution of marriage was filed on March 10, 1999. The return date is March 16, 1999. Both parties have been represented by counsel and have testified before the court. Based on the testimony of the parties the court finds as follows: CT Page 9123
The parties were married on March 10, 1967 in Orange, Connecticut. Both parties have resided in the State of Connecticut, and the court accordingly has jurisdiction over this matter. There is one child issue of the marriage, Amber Cavallo, who was born on December 13, 1983. No other minor children have been born to the defendant since the date of the marriage, and neither party has received any assistance from the state or any municipality. The marriage of the parties has broken down irretrievably.
Based upon the foregoing, the marriage is hereby dissolved. The evidence presented at trial shows that the plaintiff husband is 57 years of age, and the defendant wife is 56 years of age. The plaintiff husband has an associates degree from the University of New Haven, and the defendant wife is a graduate from high school with considerable experience in the field of hairdressing. The parties have been married for 33 years.
The plaintiff husband worked at the Southern New England Telephone Company for some 27 years, until his retirement in 1995. He then worked at several odd jobs before accepting employment in his current position at Interoptic Inc. His financial affidavit shows that he earns slightly in excess of $35,000.00 per annum. In addition, he has substantial amounts of money which has derived both from his retirement funds generated through his employment at Southern New England Telephone Company and through inheritance from his parents. The plaintiff's health is essentially good, despite some history of alcoholism.
The defendant wife indicates that she has been working in the hairdressing business for some 33 years. She owns her own business, having taken over a hair dressing shop from another person. She is licensed as a beautician, and has furthered her training in her field by becoming licensed as a teacher and as a manager. The defendant wife claims that she earns $100.00 per week. That claim is not credible. In addition, the wife owns property at 11 Indian River Road in Orange, Connecticut. That property was a gift to her from her family and is valued at $600,000.00. There is no mortgage or encumbrance affecting that property, however it is owned with the plaintiff and with the defendant's mother. The court has also considered the wife's health. The testimony indicates she suffers from a heart condition and is on a series of medications
The plaintiff is the beneficiary of a trust from his parents. He testified that the trust was originally set up by his father, upon his death was turned over to his mother, and then in turn to benefit him. The trust generates interest, which according to the plaintiff's testimony has totaled approximately $8,000.00 up through the end of May of this CT Page 9124 year. By simple arithmetic, the weekly amount paid from the trust for the year 2000 has averaged $444.00. The other significant aspects of the trust are that the plaintiff receives the principal upon reaching age 62. If he dies before that date, the trust is divided between his aunts, his wife, and his daughter.
After having considered the evidence presented, the argument of counsel, the proposed orders submitted, and the statutory criteria, the court orders the following:
The husband shall quit claim any and all interest in the property known as 11 Indian River Road, Orange, Connecticut to the wife.
The wife shall quitclaim to the husband, any and all interest she may have in the husband's property on Lee Farm Drive, Southbury, Connecticut, and the condominium in Boca Raton, Florida.
The husband shall be the sole owner of the trust, as aforementioned, currently held at Smith Barney which has an approximate value of $302,000.00.
The husband will convey to the wife his annuity with Smith Barney which is listed on his financial affidavit as having a value of $55,000.00.
There are four IRA accounts listed on the husband's Smith Barney statement dated May 31, 2000, which statement is the second page of plaintiff's Exhibit "1". Those accounts are identified as account numbers 57764385, 57765201, 57767529 and 57767593. The present value of those four accounts is $466,985.00. of those accounts, the court orders that the husband convey to the wife the sum of $300,000.00, and the husband shall retain the balance.
The parties shall share joint custody of the minor child. The court for the time being will not enter orders as to the primary residence of the child because of the testimony that the child is living with the maternal grandmother. The court however will enter an order that the stipulation regarding college expenses which was submitted by Mr. Cavallo shall be incorporated into the terms of the judgment. That order includes the payment of $100.00 per week during such time that the child is in college. In addition to that stipulation, during such time that the child is not in college, the plaintiff shall pay the sum of $100.00 per week towards the child's living expenses, payable to the person acting as custodian of the child.
The defendant shall have use and ownership of the 1997 Honda automobile listed on the plaintiff's financial affidavit. The defendant shall also CT Page 9125 be responsible for the loan owing on said vehicle and shall hold the plaintiff harmless from any obligation thereon.
The plaintiff shall have use and exclusive ownership of the 1989 Ford F250 vehicle listed on said financial affidavit.
The defendant shall be awarded ownership of the furniture and fixtures of the property at Indian River Road in Orange.
The parties shall be responsible for whatever liabilities are listed on their respective financial affidavits unless specified above.
Each party shall pay and be responsible for their own counsel fees.
Neither party shall pay or receive alimony to the other.
Antonio C. Robaina, Judge